UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LU'SEAN BROWN                                                                                 PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10CV-P618-R

WARDEN COOKIE CREWS *et al.*                                      DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Lu'Sean Brown, a convicted inmate currently incarcerated in the Kentucky State Reformatory ("KSR"), filed a *pro se* complaint against KSR Warden Cookie Crews and Correct-Care Nursing Staff at KSR. This matter is before the Court on initial review of the complaint (DN 1) and its supplement (DN 5) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff claims that each Defendant in this action failed to carry out his or her job description in a timely and professional matter resulting in the death of a terminally ill, fellow inmate, Carlton Davis. Plaintiff reports that from September 1, 2010, until September 9, 2010, he was in Cell 11 and that Davis was in cell 7 in the CPTU segregation unit B wing. He claims that he witnessed the "'neglectful' actions and behaviors" of Correct-Care's employees. He reports that on September 1, 2010, Davis was taken to the CPTU B-pod by stretcher from a KSR "Med-Y" ambulance and placed in his cell. Plaintiff alleges that day-in and day-out, Davis continued to cry out "'Please, please someone help me Please." Plaintiff states, "[Davis] was eventually sent out to an[] outside Dr. or whomever and then brought back not once but twice."

He then states that the nursing staff continued to argue with "Davis about being fine" and saying that he was faking. According to Plaintiff, "They found out he couldn't move on 9-3-2010 and they had to give him a shower. Well they threw him back in his cell as he continue to scream 'Why you people trying to kill me,' 'Don't yaw understand I need to be at a hospital.' and not segregation!'" Plaintiff reports that Davis continued to scream and yell for help and a nurse and that no nurse ever came. Plaintiff states that "this went on 'day and night'" until Davis died in his cell from a heart attack on September 9th. Plaintiff reports that on September 10th, he began feeling secluded, anti-social, and "under extreme" duress and further reports that he has had "a lot of mental anguish and nightmares." In the supplement, Plaintiff attaches statements from other inmates who state they witnessed the same events.

Plaintiff alleges cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, a violation of due process under the Fourteenth Amendment, and a "possible" violation of equal protection under the Fifth and Fourteenth Amendments. He additionally alleges violations of Sections 1, 2, 3, 10, 11, 14, 17, and 59 of the Kentucky Constitution. As relief, Plaintiff requests:

> [I]mpumitive damages for mental anguish and the duress that I may encounter in the future. When I get out of prison I'll always need counseling I never will be able to afford that. So I'll need finances and insurance If Dr. Determines medication will be needed. To over come this I will ask for an amount of $250,000 for my mental anguish I have suffered and for future occurences and $50,000 for my medical I may need such as Pschatrist and Psclogist and possible counseling etc . . .

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a

2

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.  42 U.S.C. § 1983**

**1.  Eighth Amendment**

"[H]arsh 'conditions of confinement' may constitute cruel and unusual punishment unless such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The alleged conduct must reflect an "'unnecessary and wanton infliction of pain'" to fall within the ambit of conduct proscribed by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Street v. Corr. Corp. of*

4

*Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (citations omitted). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson*, 501 U.S. at 302-03.

While no doubt Plaintiff suffered an unpleasant experience, he has not stated the objective component of an Eighth Amendment claim as he has not alleged that *he* was deprived of adequate food, clothing, shelter or medical care[1] or that *his* safety was in question at any time during the September 2010 events described in the complaint. Rather, Davis was the one allegedly harmed.

Furthermore, Plaintiff has not alleged a physical injury. A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief based on mental or emotional injury precluded by § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (finding mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of PLRA); *Henry v. Goddard*,

---

[1]In the supplement to the complaint, Plaintiff attaches a medical request form indicating that he is having problems eating and focusing and requesting to see a psychiatrist. Nowhere in the complaint or supplement, however, does he allege that Defendants are denying him any medical treatment. Should such claim so arise, Plaintiff may always file a new complaint.

No. 09-3214-SAC, 2009 WL 3711596, at *8 (D. Kan. Nov. 3, 2009) ("The assertion that alleged violations resulted in emotional trauma which manifested itself in symptoms such as stress, headaches, sleeplessness, mood swings, fear, and worry does not satisfy the statutory prerequisite that plaintiff make a showing of a prior physical injury from the defendants' conduct.").

Consequently, Plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Fourteenth Amendment–due process

Plaintiff has not alleged any facts entitling him to procedural due process protection. Any substantive due process claim is more properly analyzed under the Eighth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' [under the Fourteenth Amendment] must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Here, the Eighth Amendment provides an explicit textual source of constitutional protection in this case. For these reasons, the Fourteenth Amendment due process claim fails and must be dismissed.

### 3. Fifth and Fourteenth Amendment–equal protection

Plaintiff additionally alleges a "possible" equal protection violation under the Fifth and Fourteenth Amendments. Plaintiff, however, has alleged no facts alleging discrimination of any sort. Any equal protection claim fails to state a claim upon which relief may be granted and must be dismissed.

**B.     State-law claims**

Finally, Plaintiff alleges that various sections of the Kentucky Constitution were violated. Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The state-law claims will be dismissed without prejudice.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005